## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cr-00351-RLW-JSD-1 |
| | ) | |
| GARNELL AUGUST CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The matter before the Court is Defendant Garnell August Carter's oral motion for substitution of counsel [ECF No. 30] made on October 30, 2023, when the Court conducted Defendant's arraignment on the Superseding Indictment [ECF No. 23].

## STANDARD OF REVIEW

A motion for appointment of substitute counsel is committed to the district court's sound discretion. *United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011); *United States v. Webster*, 84 F.3d 1056, 1062 (8th Cir.1996). To prevail on a request for substitution of counsel, Defendant must show "justifiable dissatisfaction" with his attorney, which "can arise from irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation." *United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011); *United States v. Boone*, 437 F.3d 829, 839 (8th Cir. 2006). Given the importance of the attorney-client relationship, "[t]he court must conduct an adequate inquiry into the nature and extent of an alleged breakdown in attorney-client communications." *United States v. Barrow,* 287 F.3d 733, 738 (8th Cir. 2002). "The focus of the justifiable dissatisfaction inquiry

is the adequacy of counsel in the adversarial process, not the accused's relationship with his attorney." *Id.* (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)).

## DISCUSSION

On July 12, 2023, Defendant was charged with two counts of being a felon in possession of a handgun. He was arrested on August 23 and ordered detained pending trial. On October 4. the government issued a Superseding Indictment. On October 30, this Court arraigned Defendant Carter on the charges contained in that indictment.

At the arraignment, Defendant made an oral request for the substitution of his counsel, Ms. Crane. In response, after having counsel for the government exit the courtroom, this Court conducted a hearing with Defendant and Ms. Crane present consistent with *Faretta v. California*, 422 U.S. 806, 821 (1975). During the hearing, Defendant expressed his complaints with Ms. Crane's representation. He stated that while in custody he met with Ms. Crane approximately two times in person and spoke with her once over the phone. One of these meetings lasted over an hour. Mr. Crane further agreed that during these meeting she discussed his right to trial or plead guilty and had presented him with every option on how to proceed. Defendant took further issue with Ms. Crane filing a continuance to file pretrial motions. Defendant also stated that he had a hard time getting in touch with Ms. Crane and has anxiety about this difficulty. However, Defendant stated that Ms. Crane had answered all his questions.

This Court finds that Defendant has not demonstrated any deficiency in appointed counsel's representation, or a total breakdown in communication. *See Barrow,* 287 F.3d at 738. To be sure, neither Defendant's claims nor counsel's statements have shown or proven justifiable dissatisfaction from irreconcilable conflict, or a complete breakdown in communication, or any other factor interfering significantly with counsel's ability to provide zealous representation. By

their statements at the hearing, both Defendant and counsel have admitted to multiple communications over only a few months and the channels of communication remain open. Accordingly,

   **IT IS HEREBY ORDERED** that Defendant Carter's oral motion for substitution of counsel [ECF No. 30] is **DENIED.**

_____

JOSEPH DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of November, 2023.