UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cr-00351-MTS |
| ) | |
| GARNELL AUGUST CARTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

A grand jury returned a superseding indictment on October 4, 2023, charging Defendant Garnell August Carter with Count One, felon in possession of a firearm, Count Two, possession of controlled substances with the intent to distribute, Count Three, possession of a firearm in furtherance of drug trafficking, and Count Four, felon in possession of a firearm. Doc. [23]. Pending before the Court are Defendant's motions to suppress evidence and statements collected on November 28, 2022, following an unlawful investigatory stop, Docs. [64] and [80]; and Defendant's motion to dismiss indictment, Doc. [103]. The Court referred Defendant's motions to United States Magistrate Judge Joseph S. Dueker. *See* 28 U.S.C. § 636(b). After taking the various matters under submission, Judge Dueker issued two Reports and Recommendations recommending denial of the motions. After a de novo review of the entire record, the Court will overrule Defendant's objections and adopt and incorporate Judge Dueker's Reports and Recommendations.

**I.   Background**

On July 5, 2024, Defendant filed his First Motion to Suppress, requesting that the Court

1

suppress all evidence seized by law enforcement and all statements made by him due to an unlawful investigatory stop on November 28, 2022. Doc. [64]. The Government filed its Response on August 2, 2024. Doc. [69]. Judge Dueker held an evidentiary hearing related to the First Motion to Suppress on August 20, 2024. At the hearing, the Government presented testimony of Detective Trevor Voss of the St. Louis County Police Department. Judge Dueker ordered that the record would remain open for Defendant's review of recently received evidence from the Government, and to allow him time to consider whether additional testimony or briefing would be necessary. On September 11, 2024, Judge Dueker held a status conference during which he granted Defendant's request for a supplemental evidentiary hearing related to additional discovery. On September 19, 2024, Defendant filed a Second Motion to Suppress wherein he asked the Court to suppress all statements made by him while in law enforcement custody on November 28, 2022, and all evidence gathered as a result of those statements. Doc. [80]. The Government filed its Second Response on October 3, 2024. Doc. [82]. Judge Dueker held a second evidentiary hearing on November 13, 2024. The Government presented testimony of Detective Christopher Douglas of the St. Louis County Police Department. Ultimately, on March 3, 2025, Judge Dueker filed a First Report and Recommendation recommending that the motions to suppress be denied. Doc. [93].

On April 7, 2025, this Court granted Defendant's Motion for Leave to File Additional Pretrial Motion and referred the matter to Judge Dueker for resubmission to include any recommendations made concerning any additional pretrial motions filed. Docs. [98], [101]. On April 17, 2025, Defendant filed a Motion to Dismiss Indictment on Second Amendment Grounds, Doc. [103]. The Government filed its Response on May 1, 2025. Doc. [104]. On May 12, 2025, Judge Dueker issued a Second Report and Recommendation denying Defendant's Motion to

Dismiss the Indictment on Second Amendment Grounds, finding that Defendant's challenge to § 922(g)(1), is foreclosed by binding Eighth Circuit precedent, both facially and as-applied to Defendant. Doc. [106]. On June 6, 2025, Defendant filed objections to Judge Dueker's Second Report and Recommendation, Doc. [111], and the Government filed a Response. Doc. [113]. The matter is now ripe for ruling.

## II.   Standard

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1)(c) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). In making its de novo determination, the Court reviewed the entire record, including all exhibits and the transcripts of the evidentiary hearings.

## III.   Discussion

### a.   Findings of Fact

The Court finds that Judge Dueker thoroughly set forth the relevant facts in the Reports and Recommendations. Therefore, the Court adopts and incorporates Judge Dueker's factual findings and will not repeat them here.[1]

---

[1] Defendant mentions that he objects to the "descriptors that go beyond facts, like 'remarkably' and 'astonishingly,'" used in the First Report and Recommendation's fact section, but does not provide the Court with any specific reason

3

b. **Motions to Suppress Evidence and Statements**[2]

The portions of the report or specified proposed findings that Defendant objects to with regard to the Motions to Suppress are that "when reaching conclusions regarding the legality of the initial stop, the R&R acknowledges that both 'facts' relied upon to conduct the initial stop were not true: the vehicle was not stolen, and it did display temporary registration," and that testimony during the evidentiary hearings demonstrated that law enforcement did not observe any specific characteristics of the individuals approaching the vehicle in the course of their surveillance. Doc. [100] at 3.

Upon de novo review of the entire record, the Court agrees with Judge Dueker's analysis that based upon the totality of the circumstances, the facts and circumstances known to Detectives Voss and Douglas at the time of their surveillance, including their reasonable-yet-mistaken beliefs[3], provided sufficient reasonable suspicion, if not probable cause, to conduct the investigatory stop.

> The detectives spotted a red Charger in an area known for drug transactions and crime. Detective Voss credibly testified that, although mistaken, the vehicle matched the description of a stolen vehicle as well as a vehicle involved in a police pursuit. He also testified that, although he was mistaken again, the vehicle appeared to lack license plates. Further, at least two individuals approached the driver's window and exchanged items with the driver. Detective Voss credibly testified that, based on his training and experience, the individuals and the driver appeared to be engaging in drug transactions. The detectives therefore arranged for a marked police vehicle to conduct the challenged investigatory stop.

Doc. [93] at 11-12. The Court also agrees with Judge Dueker's findings that even if the detectives lacked reasonable suspicion to conduct the investigatory stop, "officers here did not 'seize' Carter in the Fourth Amendment sense until after he had fled and after there was probable cause to arrest

---

why he objects to the use of those terms.
[2] Defendant did not raise any objections regarding suppression of his statements.
[3] *See also United States v. Moua*, - - - F.4th - - -, No. 24-2774, 2025 WL 2179313 (8th Cir. August 1, 2025) (A police officer's mistaken belief that a vehicle did not have a license plate or temporary tag was objectively reasonable).

him for the offense of resisting arrest" and that "his eventual seizure was proper regardless of whether officers had reasonable suspicion to approach and detain him at the initial investigatory stop." *Id*. at 13. Finally, the Court also agrees with Judge Dueker's finding that Defendant abandoned the firearm and controlled substances he threw out of the vehicle while fleeing from the police, thus forfeiting any reasonable expectation of privacy in those items.

Based upon a de novo review of the record, and for the reasons more fully set forth in Judge Dueker's First Report and Recommendation, the Court overrules Defendant's objections to the First Report and Recommendation.

### IV.     Motion to Dismiss the Indictment

In Defendant's Motion to Dismiss the Indictment, he challenges the constitutionality of 18 U.S.C. § 922(g)(1) as charged in Counts 1 and 4 of the Superseding Indictment. In the Second Report and Recommendation, Judge Dueker found that "the unmistakable and binding authority of the Eighth Circuit completely forecloses Carter's claim that § 922(g)(1) is unconstitutional," both facially and as-applied to him. *See United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024) (*Jackson* II); *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024). Despite acknowledging there is binding Eight Circuit precedent to the contrary, Defendant maintains in his objections that the Government has not established a historical analogue as required by *New York State Rifle and Pistol Assn. v. Bruen*, 597 U.S. 1, 17 (2022). This Court agrees with Judge Dueker's thorough analysis of this issue as set forth in the Second Report and Recommendation and overrules Defendant's Objections to the Second Report and Recommendation.

### V.     Conclusion

The Court has conducted a de novo review of all matters relative to Defendant's Motions and Objections, including a thorough review of the transcript of the evidentiary hearings and the

exhibits provided by the parties. After careful consideration, the Court will adopt and sustain Judge Dueker's Reports and Recommendations and deny Defendant's Motions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's First and Second Report and Recommendation of United States Magistrate Judge Joseph S. Dueker, Docs. [93] and [106], are **SUSTAINED, ADOPTED, AND INCORPORATED**.

**IT IS FURTHER ORDERED** that Defendant's Objections to the First and Second Report and Recommendations, Docs. [100] and [111], are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's First Motion to Suppress, and Second Motion to Suppress, Docs. [64] and [80], are **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Motion to Dismiss the Indictment, Doc. [103], is **DENIED**.

Dated this 20th day of August, 2025

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE